**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ALAN JEFFREY GOLDSTEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 25-2588 (RJL) |
| | ) | |
| OLYMPIA SWIMMING POOL CO., INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**
(June 2̲0̲, 2026) [Dkt. #10]

Plaintiff Alan Jeffrey Goldstein ("plaintiff" or "Goldstein") brings this action against defendant Olympia Swimming Pool Co., Inc. ("defendant" or "Olympia") for copyright infringement. *See* Compl. [Dkt. #1]. Goldstein seeks both injunctive relief and damages. *Id.* at 5. Before the Court is defendant's Motion to Dismiss for Lack of Personal Jurisdiction. *See* Def.'s Mot. [Dkt. #10]. Plaintiff contests the motion, and argues, in the alternative, that I should transfer the case to a proper forum. *See* Pl.'s Response in Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") [Dkt. #12]. Upon consideration of the parties' pleadings and the applicable law, I will **GRANT** the defendant's motion to dismiss and decline to transfer the action for the reasons set forth below.

**BACKGROUND**

Goldstein is a photographer who lives in Silver Spring, Maryland, and specializes in architectural and interior photography. Compl. ¶ 2. Olympia designs and constructs

1

swimming pools and other aquatic features. *Id.* ¶ 3. The company is incorporated in Virginia and maintains its principal place of business in Forestville, Maryland. *Id.* ¶ 9.

Goldstein claims Olympia violated his exclusive rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*, by displaying one of his photographs on the company's website without his permission. *Id.* ¶¶ 4, 10–13. The photograph in question depicts an Olympia-constructed swimming pool in Woodbridge, Virginia. Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s Mem.") [Dkt. #10] at 2. Goldstein claims Olympia displayed the photograph on its website "to advertise, market and promote its business activities" without a valid license. Compl. ¶¶ 4, 14–22. Goldstein effected service on Olympia in Dunkirk, Maryland. Def.'s Mem. at 2.

Olympia now moves to dismiss the complaint for lack of personal jurisdiction. Def.'s Mot. at 1. Plaintiff contends that jurisdiction is proper; in the alternative, plaintiff asserts that if this Court finds personal jurisdiction lacking, the appropriate remedy is to transfer the action to the United States District Court for the Eastern District of Virginia. *See* Pl.'s Opp'n at 1–2. Olympia opposes the request to transfer. Def.'s Reply in Supp. of Mot. to Dismiss ("Def.'s Reply") [Dkt. #13]. The motion is now ripe for decision.

## LEGAL STANDARD

To defeat a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears "the burden of establishing the court's personal jurisdiction over the defendant." *Erwin-Simpson v. AirAsia Berhad*, 985 F.3d 883, 888 (D.C. Cir. 2021) (internal citation omitted). The plaintiff "must provide sufficient factual allegations, apart from mere conclusory assertions, to support the exercise of

2

personal jurisdiction over the defendant." *Howe v. Embassy of Italy*, 68 F. Supp. 3d 26, 29 (D.D.C. 2014).

**ANALYSIS**

## I.    Personal Jurisdiction

Whether Goldstein has adequately established this Court's personal jurisdiction over Olympia is the primary issue in question. A plaintiff may establish personal jurisdiction by asserting general jurisdiction, which "extends to any and all claims brought against a defendant," or specific jurisdiction, which requires that the plaintiff's claims "arise out of or relate to the defendant's contacts with the forum." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358–59 (2021) (internal citations omitted). Corporations are subject to general jurisdiction in both their place of incorporation and their principal place of business. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

Courts conduct a two-step analysis to determine whether they may exercise specific jurisdiction over a corporation. *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). First, I must consider whether jurisdiction is authorized under the forum state's long-arm statute. *Id.* Second, I must assess whether exercising jurisdiction satisfies the Constitution's due process requirements. *Id.* Regarding due process, I must examine whether a defendant's "minimum contacts" with the District of Columbia are such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citation omitted).

3

Plaintiff does not, and cannot, allege that Olympia is subject to general jurisdiction in the District of Columbia. Olympia is incorporated in Virginia, maintains its principal place of business in Maryland, and was served in Maryland. Compl. ¶ 9. As such, this Court may exercise personal jurisdiction over Olympia only if authorized by D.C.'s long-arm statute, D.C. Code § 13-423, and only if the exercise is constitutionally permissible. *GTE New Media Servs. Inc.*, 199 F.3d at 1347. Plaintiff however fails to plead facts sufficient to establish personal jurisdiction under D.C.'s long-arm statute, and, in any event, alleges no facts demonstrating that the exercise of jurisdiction would comport with due process. How so?

First, plaintiff alleges that jurisdiction is proper because Olympia "engaged in infringement in this district." Compl. ¶ 8. Courts analyze personal jurisdiction in copyright infringement cases under the tort provisions of D.C.'s long-arm statute. *Nu Image, Inc. v. Does 1–23,322*, 799 F. Supp. 2d 34, 38 (D.D.C. 2011). D.C.'s long-arm statute "is more restrictive than the Due Process Clause of the Constitution." *Id.* (internal quotation marks omitted). Specifically, the statute requires that the alleged tortious injury occur *within* the District of Columbia. *See* D.C. Code § 13-423(a)(3)–(4) (emphasis added).

D.C. courts take different approaches to identifying the location of the injury in copyright cases: some focus on where the copyright holder resides, while others look to where the infringing conduct that caused the harm occurred. *Nu Image*, 799 F. Supp. 2d at 38–41; *see also DBW Partners, LLC v. Market Sec., LLC*, 2024 WL 3741414, at *14 (D.D.C. Aug. 10, 2024) (collecting cases). Under either approach, plaintiff cannot establish jurisdiction here. If the injury occurs where plaintiff resides, any injury in this

4

case would be felt in Maryland. To the extent the alleged infringing conduct arises from Olympia's website, injuries derived from websites occur "where the web site is created and/or maintained," not necessarily where it was accessed. *Shaheen v. Smith*, 994 F. Supp. 2d 77, 83 (D.D.C. 2013). Olympia's website is maintained through vendors in Maryland and Virginia and hosted on servers in Oregon. Def.'s Mem. at 6.

Second, plaintiff alleges that personal jurisdiction is appropriate because Olympia maintains a commercial website "accessible in this district," and directs marketing toward the D.C.-Maryland-Virginia region. Pl.'s Opp'n at 1. Together, he argues, these activities constitute "purposeful availment." *Id.* However, "'mere accessibility' of a website in the forum is not a sufficient 'foundation upon which to base personal jurisdiction.'" *Sweetgreen, Inc. v. Sweet Leaf, Inc.*, 882 F. Supp. 2d 1, 4 (D.D.C. 2012) (quoting *GTE New Media Servs. Inc.*, 199 F.3d at 1346).

As a final attempt, plaintiff claims that Olympia's marketing material was "directed at[] the D.C. populace, including potential and actual clients of Plaintiff." Pl.'s Opp'n at 2. However, plaintiff offers no details about the content of the marketing, how it was directed towards D.C. residents, or any "facts showing [Olympia] targeted the District or its customers" in a meaningful way. *Williams v. Romarm*, 756 F.3d 777, 785–86 (D.C. Cir. 2014). This omission is enough to defeat personal jurisdiction. *Id.* ("Absent [such] facts . . . due process will not permit the district court to exercise its jurisdiction over [the defendant].").

## II.    Motion to Transfer

Having determined that I lack personal jurisdiction over defendant, I now turn to plaintiff's request to transfer this action rather than dismiss it.    Plaintiff cites two provisions—28 U.S.C. § 1631 and 28 U.S.C. § 1406—to support the request.[1]  Under either standard, transfer is warranted "if it is in the interest of justice," and the question of what constitutes the "interest of justice" rests "within the sound discretion of the district court." *Does 1–144 v. Chiquita Brands Int'l, Inc.*, 285 F. Supp. 3d 228, 235 (D.D.C. 2018) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983)).

Plaintiff states that he would "suffer prejudice through dismissal," Pl.'s Opp'n at 4, but he has not pleaded any facts to support that contention.  Neither has plaintiff alleged that any procedural obstacles would prevent him from refiling in an appropriate forum.  *Cf. Freedman v. Suntrust Banks, Inc.*, 139 F.Supp.3d 271, 282 (D.D.C. 2015) (finding transfer to be appropriate where plaintiff would be time-barred from refiling).  As defendant argues, Def.'s Reply at 3, plaintiff will not suffer any prejudice from the dismissal and can simply refile in a proper forum.[2]  I agree.

---

[1] Plaintiff alternatively seeks transfer under 28 U.S.C. § 1404(a), but that provision applies only when both venue and personal jurisdiction are proper.  Where, as here, the Court lacks personal jurisdiction, transfer is governed by 28 U.S.C. § 1406(a) or § 1631.

[2] Defendant also argues the case should be dismissed, rather than transferred, because plaintiff's claims suffer from "obvious problems." Def.'s Reply at 4.  Specifically, defendant claims that the parties signed a settlement agreement in another case that covers the current action. *Id.*  As such, defendant asserts that plaintiff's current case will likely be dismissed for lack of subject matter jurisdiction in a future Rule 12(b)(1) motion. *Id.*  Courts conduct only a limited review of the merits when assessing whether to transfer, because "if no federal court would have subject-matter jurisdiction over the plaintiff's claims, 'the court must dismiss because there is no appropriate transferee court.'" *Fargo v. Dep't of Labor*, 2025 WL 2635647, at *5 (D.D.C. Sept. 12, 2025) (quoting *Laukus v. United States*, 691 F. Supp. 2d 119, 127 (D.D.C. 2010)).  However, evaluating defendant's settlement argument would require more than the permissible "peek at the merits" of plaintiff's claims. *Laukus*, 691 F. Supp. 2d at 127 (quoting *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999)).  Accordingly, I need not resolve that issue at this stage.

## CONCLUSION

For the foregoing reasons, I will **GRANT** defendant's Motion to Dismiss **WITHOUT PREJUDICE**. An Order consistent with the above accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge